621 A.2d 153

COMMONWEALTH of Pennsylvania

v.

Theresa SPENCER, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 27, 1993.

Filed March 5, 1993.

Donald E. Havens, Darby, for appellant.

Louis G. Stesis, Asst. Dist. Atty., Media, for Com., appellee.

Before McEWEN, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Delaware County, following appellant's conviction by a jury on charges of possession of a controlled substance (cocaine) and criminal conspiracy. Herein, appellant contends that the evidence was insufficient to sustain her conviction. We agree and, accordingly, reverse the decision of the court below and vacate appellant's judgment of sentence.

"The test of the sufficiency of the evidence in a criminal case is whether, viewing the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, there is sufficient evidence to enable the trier of fact to find every element of the [crime] charged beyond a reasonable doubt." *Commonwealth v. Carter*, 329 Pa.Super. 490, 495–96, 478 A.2d 1286, 1288 (1984). *See also Commonwealth v. Stembridge*, 397 Pa.Super. 1, 8, 579 A.2d 901, 905 (1990), *allocatur denied*, 527 Pa. 665, 593 A.2d 841 (1991); *Commonwealth v. Peduzzi*, 338 Pa.Super. 551, 553–55, 488 A.2d 29, 31–32 (1985). As set forth by the trial court, the record reveals the following facts:

The [appellant], Theresa Spencer, was a passenger in a Lincoln Town Car driven by George Farrell during the early morning hours of October 2, 1991. The car was observed by Officer George Rhoades, Jr. of the Upper Darby Township Police Department as it was exiting the Barclay Square Apartments onto Garrett Road. At that point, Officer Rhoades saw the car headlights go off and the vehicle begin to back down the entrance to the apartment complex. Officer Rhoades then followed the vehicle into the parking lot and pulled up behind it. (See N.T. 1/15/92 p. 11–12). The driver opened the car door and when the interior car light went on, Officer Rhoades observed that, in addition to the driver, the car also contained a female passenger. (See N.T. 1/15/92 p. 12–13). The driver exited the vehicle. As he approached the driver, Officer Rhoades

observed a clear plastic bag containing a white substance emerging from the armrest storage compartment on the driver's side door. This substance was later found to be cocaine. (See N.T. 1/15/92 p. 28). A scuffle ensued between Officer Rhoades and the driver ending with the driver fleeing in his car with Officer Rhoades in pursuit. This chase ended on Lasher Road, a residential street in Upper Darby Township, where the vehicle finally came to rest after hitting a parked car, a stone wall, and a telephone pole. (See N.T. 1/15/92 p. 17–18). The driver threw the plastic bag out of the car and attempted to flee. He and the passenger were both apprehended by the police officers on the scene.

Trial Court Opinion, p. 1–2.

In denying appellant's post-verdict motion challenging the sufficiency of the evidence, the lower court found that the evidence was sufficient to support the jury's determination that appellant had "constructive possession" of the cocaine found in the compartment on the driver's door.

Our supreme court has commented upon "constructive possession" as follows:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." *Commonwealth v. Davis*, 444 Pa. 11, 15, 280 A.2d 119, 121 (1971). We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983).... To aid application, we have held that constructive possession may be established by the totality of the circumstances. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974).

*Commonwealth v. Mudrick*, 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). *See also Stembridge*, 579 A.2d at 903; *Commonwealth v. Cruz Ortega*, 372 Pa.Super. 389, 391, 539 A.2d 849,

851 (1988); *Commonwealth v. Juliano*, 340 Pa.Super. 501, 504–06, 490 A.2d 891, 893–894 (1985).

It is important to note that "[g]uilt by association is unacceptable." *Juliano*, 490 A.2d at 894, *quoting Fortune*, 318 A.2d at 328. Further, "mere presence of one person, among a group at a scene of contraband, is not a strong factor indicative of guilt." *Juliano*, 490 A.2d at 894, *quoting Commonwealth v. Cash*, 240 Pa.Super. 123, 125, 367 A.2d 726, 727 (1976). *See also, Stembridge*, 579 A.2d at 903.

Instantly, it is clear that George Farrell possessed the cocaine; the contraband was stored in the arm rest compartment of the driver's side door; he was the driver of the car; when told to place his hands on the trunk of the car, he struck the officer and fled; and after the crash, he tossed the cocaine away from the vehicle and again attempted to flee.

However, it does not automatically follow that appellant also possessed the cocaine. There is no evidence of record which indicates that appellant exercised "conscious dominion" over the cocaine. In fact, there is no evidence to indicate that appellant knew, before Officer Rhoades stopped the car, that cocaine was present therein, except for Officer Rhoades' speculation that he believed appellant could see the glassine baggie of cocaine protruding from the arm rest compartment before George Farrell exited the vehicle.[1]

This case is similar to that of *Juliano, supra,* where police officers searched the car in which the defendant and three others were passengers and seized a satchel found on the floor in front of the seat which had been occupied by the defendant. The satchel contained counterfeit controlled substance, and the defendant was convicted on drug charges. However, we

1. Appellant presented photographs which displayed a person of similar size to George Farrell seated on the driver's side of a Lincoln Town Car. The photograph supported appellant's argument that she could not see the arm rest compartment from her vantage point. Officer Rhoades disputed the significance of the photograph on the grounds that the seat was further away from the steering wheel when he observed the car at the scene. However, the record establishes that Officer Rhoades never looked into the car from the passenger's side while George Farrell, or anyone else, was seated in the driver's seat.

reversed his conviction, noting that there was no evidence, such as furtive movements or an attempt to escape, from which it could be inferred that appellant knew of the contents of the satchel. *Juliano,* 490 A.2d at 894.

In comparison, we found that the evidence in *Stembridge, supra,* was sufficient to sustain a finding of constructive possession. Therein, the defendant's access to the area where the contraband was found was greater than that of the driver of the car and the other passenger. In addition, the defendant was observed "fidgeting around" after he had exited the vehicle. Presently, it is arguable that appellant had access to the area where the drugs were stored. However, the record simply does not demonstrate that she knew there were drugs within the car, and, absent such evidence, her conviction cannot stand. *Juliano, supra. Compare, Cruz Ortega, supra* (sufficient evidence of constructive possession, where: defendant, even though the passenger, had equal control and access over car, given the fact that glove compartment of rented car contained a money order purchased by defendant; cocaine was found under defendant's seat; and before police stopped vehicle, defendant was observed leaning over seat).

In conclusion, when we view the evidence in a light most favorable to the Commonwealth, we find that the evidence was insufficient to establish beyond a reasonable doubt appellant's constructive possession of the cocaine. The evidence failed to establish that appellant knew cocaine was present in the vehicle and that she intended to exercise control over the contraband. It appears that appellant's guilt was proven by her mere association with George Farrell, and such a verdict is unacceptable.

Judgment of sentence vacated; appellant discharged.