**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Devon THOMPSON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 1, 2001.
Decided July 3, 2001.

Nicole J. Spring, Public Defender, Williamsport, for appellant.

Michael A. Dinges, Asst. Dist. Atty., Williamsport, for Commonwealth, appellee.

Before: POPOVICH, JOYCE and BROSKY, JJ.

POPOVICH, J.

¶ 1 This is an appeal from the judgment of sentence entered on November 23, 1999, in the Court of Common Pleas of Lycoming County, following appellant's conviction of one count of possession of cocaine with intent to deliver, one count of possession of cocaine, one count of possession of marijuana and two counts of possession of drug paraphernalia. Appellant was sentenced to two to five years of imprisonment for his possession with intent to deliver cocaine conviction and a concurrent term of one year of probation for his possession of

marijuana conviction. Upon review, we reverse and remand for a new trial.

¶ 2 Herein, appellant raised the following three claims for our consideration:

I. Did the trial court err by excluding evidence of the car driver's possession with the intent to deliver cocaine conviction where [appellant] was being tried for possession with intent to deliver cocaine located in the back of the vehicle near marijuana that [appellant] acknowledged was his?

II. Was the evidence presented insufficient to establish beyond a reasonable doubt that [appellant] constructively possessed cocaine located near marijuana that he acknowledged was his?

III. Did the trial court err, and therefore abuse its discretion, when imposing sentence pursuant to the Drug Free School Zone mandatory provision where [appellant] was convicted of possession with intent to deliver cocaine after the car in which he was a passenger was pulled over in a school zone?

Appellant's Brief, p.4.

¶ 3 We first address appellant's second claim, that being that the evidence was insufficient to sustain his conviction for possession of cocaine with intent to deliver. Specifically, appellant asserts that evidence was insufficient to prove beyond a reasonable doubt that he constructively possessed the cocaine found in Jamal Bennett's automobile.

¶ 4 In evaluating a challenge to the sufficiency of the evidence, we must determine whether viewing the evidence in the light most favorable to the verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth*

*v. Heistand,* 454 Pa.Super. 482, 685 A.2d 1026, 1028 (1996). The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. However, any questions or doubts are to be resolved by the factfinder, unless the evidence is so weak and inconclusive that as a matter of law, no probability of fact may be drawn from the circumstances. *Commonwealth v. Morales,* 447 Pa.Super. 491, 669 A.2d 1003, 1005 (1996). The trier of fact is free to believe all, part or none of the evidence. *Commonwealth v. Price,* 416 Pa.Super. 23, 610 A.2d 488, 489 (1992). "The standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth . v. Swerdlow,* 431 Pa.Super. 453, 636 A.2d 1173, 1176 (1994).

¶ 5 After reviewing the record and applying the foregoing standard, we find that the trial court accurately set forth the facts of this case in its Pa.R.A.P.1925 opinion, as follows:

The relevant facts are as follows: On March 18, 1999, at approximately 3:50 p.m., Officer Gary Whiteman of the Williamsport Police Department stopped a blue Ford Thunderbird in the 700 block of West Third Street in the City of Williamsport because the vehicle had an out-of-date inspection sticker. There were four (4) occupants in the vehicle, including the defendant Devon Thompson who was seated in the backseat on the driver's side of the vehicle. The driver of the vehicle was an individual named Jamal Bennett.

When Officer Whiteman requested Mr. Bennett's driver's license, registration and insurance, Mr. Bennett informed the officer that he didn't have a driver's license and the only documentation he had was title of the vehicle,

which was in another individual's name. Officer Whiteman returned to his cruiser to obtain operator's information regarding Mr. Bennett and received information that there was an outstanding warrant for Mr. Bennett.

At this point, back up officers arrived, including Captain Foust and Officer Douglas. Officer Whiteman gave Captain Foust an overview of the situation. While Officer Whiteman went back to dealing with Mr. Bennett, Officer Douglas and Captain Foust were identifying the passengers. The defendant, one of the passengers, was released during the identification process. As the defendant was walking away, he kept looking back and reaching his right hand into his coat or sweatshirt.

Based on the information he received regarding the outstanding warrant for Mr. Bennett, Officer Whiteman informed Mr. Bennett he was going to be taken into custody. Mr. Bennett then asked the police to retrieve his cellular phone from the vehicle. When Captain Foust went to the vehicle to retrieve the phone, he observed a small baggie of suspected marijuana lying in the middle of the backseat almost in the crack between the bench and backrest. Since this was the area in which the defendant had been seated, a description of the defendant was broadcast over the radio so he could be taken into custody.

The defendant was apprehended approximately one and half blocks away. When he was taken into custody, the police found a baggie of marijuana, a pager and fifty-four dollars on his person. Mr. Bennett, the defendant and the other occupants of the vehicle were transported to City Hall while the police obtained a search warrant for the vehicle based on Captain Foust's observation of marijuana on the backseat. Before the police executed the search warrant, the defendant told the police the marijuana Captain Foust observed was his and they would find more marijuana that was also his shoved down in the crack at the back of the seat. When the police searched the vehicle they found three or four baggies of marijuana [1] and a bag containing thirty-one straws of cocaine, all in the same backseat area.[2]

1. There is some discrepancy in the record whether was a total of three bags of marijuana or four baggies of marijuana. The officer testified there were four baggies of marijuana[. H]owever, Officer Foust's description of retrieving the bags would indicate there were three bags and the stipulation regarding the weight of each bag would indicate there were only three bags.

2. The police did not seize the baggie of marijuana that Captain Foust observed on the backseat until they executed the search warrant. Thus, one bag of marijuana was found on the seat and the others were down in the seat crack along with the bag of cocaine.

The bags of marijuana contained .83 grams, one gram and 3.8 grams for a total of 5.63 grams. The thirty-one straws of cocaine contained 2.84 grams.

The defendant was arrested and charged with possession with intent to deliver cocaine, possession of cocaine, possession of drug paraphernalia relating to the packaging material for the cocaine, possession of marijuana, and possession of drug paraphernalia consisting of the packaging materials for the marijuana. A jury trial was held August 18, 1999. The jury convicted the defendant of all charges. On November 23, 1999, the Court sentenced the defendant to incarceration in a State Correctional Institution for two to five (2–5) years for possession with intent to deliver cocaine, placed him on probation for one (1) year concurrent to the sentence imposed for possession with intent to deliver, and ordered him to pay fines of $250 and $100 for possessing the cocaine and marijuana drug paraphernalia, respectively.[3]

3. The count of possession of cocaine merged with the [count of] possession with [the intent to] deliver cocaine.

Trial Court Opinion, pp. 1–4.

¶ 6 In *Commonwealth v. Spencer,* 423 Pa.Super. 353, 621 A.2d 153, 154–155 (1993), we restated the law of constructive possession as follows:

> Our Supreme Court has commented upon "constructive possession" as follows:
>
>> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." *Commonwealth v. Davis,* 444 Pa. 11, 15, 280 A.2d 119, 121 (1971). We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino,* 503 Pa. 201, 206, 469 A.2d 132, 134 (1983).... To aid application, we have held that constructive possession may be established by the totality of the circumstances. *Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974).
>
> *Commonwealth v. Mudrick,* 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). *See also Stembridge,* 579 A.2d at 903; *Commonwealth v. Cruz Ortega,* 372 Pa.Super. 389, 391, 539 A.2d 849, 851 (1988); *Commonwealth v. Juliano,* 340 Pa.Super. 501, 504–06, 490 A.2d 891, 893–894 (1985).
>
> It is important to note that "[g]uilt by association is unacceptable." *Juliano,* 490 A.2d at 894, *quoting Fortune,* 318 A.2d at 328. Further, "mere presence of one person, among a group at a scene of contraband, is not a strong factor indicative of guilt." *Juliano,* 490 A.2d at 894, *quoting Commonwealth v. Cash,* 240 Pa.Super. 123, 125, 367 A.2d 726, 727 (1976). *See also, Stembridge,* 579 A.2d at 903.

■ ¶ 7 Presently, appellant argues that his mere presence in the car was insufficient to establish his constructive possession of the cocaine since the area where the cocaine was found was not in his exclusive control, i.e., other persons had access to the same area, and the driver of the vehicle had a cocaine trafficking charge pending against him at the time. However, we reject appellant's argument as there was considerably more evidence against him than his "mere" presence in the car where the cocaine was found.

¶ 8 The evidence at trial established that appellant was in the left rear passenger's seat when Jamal Bennett's car was stopped. Ingrid Meadley, the person sitting in the right rear passenger's seat testified that the cocaine was not hers and that appellant was moving his hands from his pockets toward the crack in the back seat during the traffic stop of the vehicle. The cocaine was found in the crack of the back seat next to where appellant was seated. Significantly, appellant admitted to possessing several bags of marijuana which were found in the exact same spot as the cocaine.

¶ 9 Based upon that evidence, there was sufficient evidence to prove beyond a reasonable doubt that appellant possessed the cocaine and placed the cocaine in the crack of the back seat at the same time that he placed the marijuana there.[1] We are con-

---

1. It is important to note that although Jamal Bennett, the driver the vehicle in question, had a pending cocaine trafficking charge at the time, he was removed from the vehicle early during the traffic stop and was not permitted to re-enter the vehicle. Thus, Bennett could not have placed the cocaine in the

vinced that the evidence was sufficient to prove appellant not only had the power to control the cocaine but also had the intent to exercise that control. Accordingly, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that appellant constructively possessed the cocaine found in the vehicle. *Compare, Commonwealth v. Stembridge,* 397 Pa.Super. 1, 579 A.2d 901 (1990) (evidence was sufficient to prove constructive possession by defendant-passenger of contraband found underneath passenger side of vehicle, where defendant exited the vehicle on passenger side and was observed walking back and forth near the car while reaching into his pockets), *with Commonwealth v. Spencer,* 423 Pa.Super. 353, 621 A.2d 153 (1993) (evidence was insufficient to establish defendant-passenger's constructive possession of cocaine found in storage compartment on driver's side door, where there was no evidence that defendant knew the cocaine was in the car).

¶ 10 We turn now to appellant's claim that the lower court erred when it denied his request to present evidence of Jamal Bennett's prior involvement in cocaine trafficking. Bennett, as previously noted, was the driver of the vehicle from which the marijuana and cocaine was seized. At trial, appellant sought to offer evidence that: 1) Bennett was arrested on December 15, 1996, for possession with intent to deliver cocaine and pleaded guilty to that charge on June 12, 1999; 2) Bennett was charged with two counts of delivery of cocaine in early 1998, and those charges were still pending at the time of trial; and 3) Bennett was arrested on April 22, 1999, for possession of cocaine with intent to deliver, and this charge also was pending at the time of trial.[2]

¶ 11 The Commonwealth objected to admission of Bennett's prior criminal involvement on the grounds that it was irrelevant to the inquiry of whether appellant was guilty of possession of cocaine with intent to deliver. Appellant countered that the evidence was highly relevant to his defense because, he alleged, the cocaine was actually Bennett's. The lower court admitted the evidence of Bennett's arrest on April 22, 1999, for possession of cocaine with intent to deliver on the grounds that it was relevant to show that Bennett was the actual possessor of the cocaine, i.e., he was acting in conformity with the events of April 22, 1999. He denied admission of the other acts of Bennett on the grounds that they were not proximate in time and, thus, were lacking in probative value. Trial Court Opinion, p.5.

¶ 12 Initially, we note that evidentiary rulings are within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Reefer,* 393 Pa.Super. 193, 573 A.2d 1153, 1154 (1990). In the recent case of *Commonwealth v. Delbridge,* 2001 WL 224966, 2001 PA Super 75,¶ 22, 771 A.2d 1, we stated:

> The rules of evidence preclude testimony that "does not tend to prove or disprove a material fact in issue, or to make such a fact more or less probable, or if it does not afford the basis for a logical or reasonable inference or presumption as to the existence of a material fact in issue." *Id.* at 1154. *See also Commonwealth v. Wall,* 413 Pa.Super. 599, 606 A.2d 449, 458 (Pa.Super.1992) ("[e]vidence is relevant if it 'logically tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the

---

crack of the back seat after appellant exited the car.

**2.** We note that this last alleged criminal act occurred after appellant's arrest on March 18, 1999.

basis for or supports a reasonable inference or presumption regarding the existence of a material fact.'"). Moreover, "[t]o be deemed admissible, the [proffered evidence's] probative value must outweigh the prejudice which may result from its admission." *Id.* at 464 (citations omitted).

¶ 13 The Commonwealth argues that evidence of Jamal Bennett's prior (and post-arrest) drug activity is inadmissible for several reasons. First, citing *Commonwealth v. Aguado,* 760 A.2d 1181 (Pa.Super.2000), it suggests Jamal Bennett has a presumption of innocence in his pending, unrelated cocaine charges, so evidence of those charges should not be admitted. Second, citing *Commonwealth v. Coleman,* 445 Pa.Super. 199, 664 A.2d 1381 (1995), the Commonwealth argues that evidence of Bennett's drug trafficking activity should not be admitted since they are not *crimen falsi* and could not have been used to impeach Bennett, had he testified.

¶ 14 "A defendant has a fundamental right to present evidence provided that it is relevant and not subject to exclusion under one of our established evidentiary rules." *Commonwealth v. McGowan,* 535 Pa. 292, 294, 635 A.2d 113, 115 (1993). "It is well established that evidence which tends to show that the crime for which an accused stands trial was committed by someone else is relevant and admissible." *McGowan,* 635 A.2d at 115, citing *Commonwealth v. Ward,* 529 Pa. 506, 605 A.2d 796 (1992) and *Commonwealth v. Boyle,* 470 Pa. 343, 368 A.2d 661 (1977). Presently, appellant argues that evidence of Jamal Bennett's prior arrests and conviction for cocaine trafficking should have been admitted to demonstrate that Bennett, not appellant, constructively possessed the cocaine found inside of Bennett's automobile. Upon due consideration, we agree.

¶ 15 The difficulty with the analysis in this case is demonstrated by both the Commonwealth's arguments against admission and the trial court's reasoning. Both focus their analyses upon Pa.R.E. 404(b), which provides in pertinent part:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

(2) Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

(3) Evidence of other crimes, wrongs, or acts proffered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.

¶ 16 This rule deals exclusively with the evidence of crimes, wrongs or acts which a party seeks to admit to prove something about an accused, a complainant or a witness. Of course, in this case, Jamal Bennett was not an accused, a complainant or witness.[3]

¶ 17 Undoubtedly, had Jamal Bennett been on trial for charges relating to the cocaine found inside of his vehicle, evidence of his prior arrests and convictions for cocaine trafficking would not have been admissible against him at trial to prove that he possessed the cocaine with the intent to deliver. *Aguado,* 760 A.2d at 1186–1187 (defendant's prior conviction of possession of cocaine with intent to deliver was not admissible to establish element of intent in subsequent prosecution of defendant on charge of possession of cocaine with intent to deliver; defendant's prior

---

**3.** In fact, Jamal Bennett was not charged with any crimes relating to the cocaine found in his vehicle, and he was not called as a witness.

conviction did not grow out of or was in any way caused by his prior drug activity, defendant could not form and maintain his intent over nine-month period between prior conviction and subsequent offense, jury could have been persuaded to convict defendant because of his "propensity" for selling drugs, and disputed element of crime was possession, not intent, and thus Commonwealth did not need prior crimes evidence in order to establish defendant's intent).

¶ 18 Likewise, evidence of Bennett's distinct, unrelated crimes would not have been admissible solely to show his bad character or his propensity for committing criminal acts, *had Bennett been on trial for possessing the cocaine with the intent to deliver.* *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491 (1988). Nor would such evidence be admissible to impeach Bennett since his prior arrests and conviction are not for *crime falsi.* *Coleman, supra.* However, the concerns about a jury convicting Bennett for possession of cocaine with intent to deliver simply because he has been involved in cocaine trafficking in the past *are not present* since he was not charged with any drug-related crime arising out of the traffic stop of his vehicle, and he did not testify at trial.

¶ 19 Simply put, our usual method for determining whether to admit evidence of a person's prior criminal activity does not easily apply in this case because Bennett does not fall within one of the usual categories. As noted in Packel & Poulin, *Pennsylvania Evidence*, § 404–10, p.221, 2nd Ed., 1999, "[t]he purposes listed in Pa.R.E. 404(b) are less likely to apply to other act evidence offered by an accused than to evidence offered by the prosecution." Correct analysis of this case nevertheless does appear to implicate Pa.R.E. 404(b)(2), which permits evidence of other acts to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. In this case, we need to focus on whether evidence of Bennett's prior cocaine trafficking is relevant to his possible constructive possession of the cocaine found in his vehicle, *see* Pa.R.E. 402, and, if so, whether the probative value of that evidence is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* Pa.R.E. 403.

¶ 20 We are convinced that such evidence is relevant in this case to prove that Bennett constructively possessed the cocaine found in the back seat of his vehicle. Based upon the evidence introduced at trial, the jury could have concluded that Bennett had the power to control the cocaine since it was found in a vehicle he claimed was his. Significantly, evidence of Bennett's entire history of cocaine trafficking would have supported a reasonable inference that he also had the intent to control the cocaine which was packaged for distribution. *Spencer*, 621 A.2d at 154 (constructive possession is defined as the power to control the contraband and the intent to exercise that control); *Wall*, 606 A.2d at 458 (evidence is relevant if it supports a reasonable inference regarding the existence of a material fact). At trial, appellant admitted that he possessed the marijuana found in the vehicle, but he expressly denied possessing the cocaine or knowing that it was in the vehicle. Given the fact that the cocaine was found inside Bennett's car, we find that Bennett's prior history of cocaine trafficking is relevant to demonstrate that he constructively possessed the cocaine, not appellant.

¶ 21 We recognize that our decision today appears to fly in the face of cases such as *Aguado, supra,* and *Commonwealth v. Hude*, 256 Pa.Super. 439, 390 A.2d 183 (1978), wherein we found that evidence of prior, unrelated drug convictions could not be offered to show the intent of the defen-

dant to commit the crime therein charged. However, those cases deal with evidence of prior bad acts offered against a defendant, not evidence offered by a defendant to establish that a third party, not charged with the crime in question, actually committed the act. In the present case, the concern over the undue prejudice such evidence might place upon a defendant is not present. Rather, here, the evidence is crucial to appellant's defense. As we previously stated, evidence which tends to show that the crime for which the accused stands trial was committed by someone else is relevant and admissible. *McGowan*, 635 A.2d at 115.

¶ 22 Given our conclusion that Bennett's entire cocaine history is relevant, we must determine whether the probative value of that evidence is outweighed by any unfair prejudice, confusion of the issues or misleading of the jury that might result from its admission. At trial, the Commonwealth argued that it would be unfairly prejudiced by the admission of such evidence. However, we question whether unfair prejudice to the Commonwealth is even at issue, since Pa.R.E. 402(b) appears to be concerned only with prejudice to the defendant. *See* Packel & Poulin, *Pennsylvania Evidence*, § 404-10, p.222, 2nd Ed., 1999. Of course, when we consider the possible prejudice to the Commonwealth, it is clear that the prejudice is not "unfair." In fact, it is arguable that such evidence would actually support the Commonwealth's position that appellant constructively possessed the cocaine. In other words, the

jury could certainly have decided that appellant's travelling with a known cocaine-dealer in combination with his furtive movements during the traffic stop, his proximity to the cocaine and his admission to possession of the marijuana found in the exact same location as the cocaine was sufficient to prove that appellant jointly possessed the cocaine with Bennett. *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa.Super.1999) ("Possession can be found by proving actual possession, constructive possession or joint constructive possession.").

¶ 23 As for confusion of the issues or misleading of the jury due to admission of Bennett's prior bad acts, we find the probability of such minimal. Since Bennett was not even charged with a crime relating to the cocaine in question, it is unlikely that the jury will focus its attention solely upon Bennett's possible involvement to the exclusion of appellant's.

¶ 24 In sum, we are convinced that appellant should have been permitted to offer the evidence to support his chosen defense, that the cocaine was Bennett's. To that end, appellant should have been permitted to offer into evidence Bennett's prior history of cocaine trafficking.[4] Such evidence is relevant to prove that Bennett had the intent to exercise control over the cocaine inside his vehicle, and such evidence is not unfairly prejudicial to the Commonwealth or otherwise likely to cause confusion. Accordingly, we reverse and remand for a new trial.[5]

4. We acknowledge that the trial court did admit into evidence that Bennett was arrested on the charge of possession of cocaine with intent to deliver arising out of events which occurred after the events in question. However, evidence of this single incident of possession of cocaine with the intent to deliver which occurred after appellant's arrest did not provide the jury with a complete picture of Bennett's involvement in cocaine traffick-

ing. Rather, evidence that Bennett was arrested four times in a period of two years and four months would certainly carry more weight with the jury that this isolated incident. It is the pattern of cocaine trafficking which is relevant in this case, not just any single isolated incident.

5. In light of our decision today, we need not address appellant's sentencing claim.

¶ 25 Judgment of sentence reversed. Case remanded for a new trial.

¶ 26 JOYCE, J. files a Dissenting Opinion.

Dissenting Opinion by JOYCE, J.:

¶ 1 I respectfully disagree with the majority's conclusion that evidence of Jamal Bennett's prior arrests for cocaine trafficking should have been admitted to demonstrate that Bennett, not Appellant, constructively possessed the cocaine found inside of Bennett's automobile. Evidence of Bennett's prior cocaine arrests may tend to show that Bennett was more likely to possess cocaine. Such evidence may tend to inculpate Bennett by showing his propensity, but it does not exculpate Appellant. While it is axiomatic that evidence which tends to show that the crime for which an accused stands trial was committed by someone else is relevant and admissible,[6] this axiom cannot be stretched to the point of permitting the admission of another person's prior arrests (in violation of Pa.R.E. 404(b)(1)) when that person is not an accused, a complainant, or a witness.

¶ 2 Under Pa.R.E. 404(b)(1), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The evidence which Appellant is attempting to introduce is inadmissible pursuant to the above rule.[7]

¶ 3 It is undisputed that pursuant to the above rule evidence of a defendant's prior arrests is not admissible against the defendant to show action in conformity therewith. It is also undisputed that most courts applying the above rule have held that (subject to the exceptions outlined in 404(b)(2)) evidence of a defendant's prior arrests is not admissible against that defendant to establish propensity. However, there is no authority for the assertion by the majority that "this rule [Pa.R.E. 404(b)(1)] deals exclusively with the evidence of crimes, wrongs or acts which a party seeks to admit to prove something about an accused, a complainant or a witness." Majority Opinion, at 1201.

¶ 4 A reasonable reading of the language of the rule indicates that "evidence of other crimes, wrongs, or acts is not admissible [*regardless of the proponent of the evidence*] to prove the character of a person [*any person*] in order to show action in conformity therewith."

¶ 5 The rule does not restrict the class of persons to which it is applicable. It is therefore unnecessary and unwarranted to restrict the application of the rule to circumstances in which such evidence is introduced against an accused, a witness or a complainant.

¶ 6 The primary focus of the rule is the principle that prior actions should not be admissible to show a person's propensity to act or not act in a certain way. Prior actions or events that are not the subject of the litigation are simply irrelevant to show that a person probably acted or did not act in a certain way. The fact that a person was arrested for drug offenses in the past does not mean that the person was in possession of drugs on a separate occasion. The rule is geared towards attempts to introduce evidence of past conduct or event to establish that a person acted in conformity with the past conduct

---

**6.** *Commonwealth v. McGowan*, 535 Pa. 292, 635 A.2d 113, 115 (1993).

**7.** It is noteworthy that the trial court erroneously permitted the admission of Bennett's drug arrest which occurred *after* the events

underlying the instant case. The admission of this irrelevant event to show that Bennett probably acted in conformity therewith did not serve to exculpate Appellant. Despite this undeserved favor bestowed on Appellant by the trial court, the jury still found him guilty.

or event. Therefore, the fact that a person is not on trial does not give a defendant an impetus to introduce evidence of that person's prior arrests in violation of the above rule (404).

¶ 7 The official Comments to rule 404 states as follows:

> The basic principle of Pa.R.E. 404 is consistent with F.R.E. 404 and Pennsylvania law. Pa.R.E. 404, with certain enumerated exceptions, provides that character evidence cannot be used to prove conduct. Under this rule, evidence that an employee had a character trait of absent-mindedness would not be admissible to prove that on a particular occasion he or she failed to fasten the safety latch on a piece of equipment. Comments to Pa.R.E. 404

¶ 8 The above Comments amply support the notion that the primary purpose of the rule is to prohibit use of a character trait or past conduct or events to prove that a person acted or did not act in a certain way on a particular occasion. The language of the rule and the Comments do not indicate that this rule is inapplicable when the person whose character trait or past conduct is sought to be introduced is not on trial and is not a witness or a complainant. There is no logical reason to create such an exception. The drafters of the rule could have restricted its application to an accused, a complainant and a witness by drafting the rule to provide as follows: "Evidence of other crimes, wrongs, or acts of *an accused, a witness, or a complainant,* is not admissible to prove the character of *an accused, a witness, or a complainant* in order to show action in conformity therewith." However, the drafters did not restrict the rule in this way.

¶ 9 It can be plausibly argued that the drafters deliberately refused to restrict the rule's application to an accused, a witness or a complainant given the fact that in the preceding subsections (Pa.R.E.404(a)(1); 404(a)(2); and 404(a)(3)), the drafters specifically enumerated the classes of people to whom the exceptions applied, namely, an accused, a complainant, and a witness. Therefore, the drafter's failure to restrict rule 404(b)(1) to an accused, a complainant, or a witness was deliberate rather than an oversight.

¶ 10 Permitting defendants to introduce evidence of another person's prior unrelated arrest is also patently unfair to the person whose prior arrests are being introduced as well as to the Commonwealth. The person is not a party to the litigation and does not have the opportunity to defend, dispute or explain the circumstances of the prior arrests and irrelevance of the prior arrests to the case against the defendants. Why should defendants be permitted to attack and pillage the character of another person who is not a party to the litigation and who has no opportunity to defend his character and the circumstances of his prior arrests? Because the person whose arrest is sought to be introduced into evidence is not a party to the litigation, that person has no opportunity to explain whether or not that arrest led to the filing of criminal charges, whether or not criminal charges filed as a result of the arrest were ultimately dismissed, or whether or not the person was acquitted of the charges filed as a result of the arrest.

¶ 11 The logical consequence of permitting a defendant to introduce evidence of another person's crime to show propensity is that it greatly benefits co-conspirators, accomplices, or joint venturers in cases where one accomplice is not charged or where the accomplices are being tried separately. In such a case, for instance, accomplice A could proclaim his innocence at his trial and claim that accomplice B committed the crime alone. In support of this claim, accomplice A would introduce evidence of accomplice B's prior arrests or

crimes. If accomplice B was not charged, then both individuals could get away with their crime. If accomplice B was being tried separately, he can also proclaim his innocence and blame accomplice A. He would then be permitted to introduce evidence of A's prior arrests or convictions to show that A probably acted in conformity with his prior conduct.

¶ 12 From the above illustration, it can be seen that permitting a defendant to introduce evidence of another person's prior arrests would vitiate the language and the principle of Rule 404. It would allow the introduction of clearly irrelevant evidence of past conduct and events simply to show propensity. It would also be subject to abuse by co-conspirators and accomplices who are being tried separately.

¶ 13 It must also be pointed out that in light of the totality of the circumstances in this case, it is difficult to understand how Bennett's prior drug arrests would be relevant in exculpating Appellant.

> Appellant was in the left rear passenger's seat when Jamal Bennett's car was stopped [by the police]. Ingrid Meadley, the person sitting in the right rear passenger's seat testified that the cocaine [found in the crack in the back seat of the car] was not hers and that Appellant was moving his hands from his pockets toward the crack in the back seat during the traffic stop of the vehicle. The cocaine was found in the crack of the back seat next to where Appellant was seated. Significantly, Appellant admitted to possessing several bags of marijuana which were found in the exact same spot as the cocaine.

Majority Opinion, at 1199. Further, as the majority correctly pointed out, Bennett was removed from the vehicle very early during the traffic stop and was not permitted to re-enter the vehicle. As such, Bennett could not have put the cocaine in the crack of the back seat after Appellant exit-ed the car. These facts are clearly sufficient to establish beyond a reasonable doubt that Appellant was in constructive possession of the cocaine at issue in this case. The admission of Bennett's prior arrests would not change or cast doubt on any of the above facts: the admission of the arrests would not change the fact that the area where the cocaine was found was in Appellant's immediate control or the fact that Appellant admitted possession of the bags of marijuana found next to the cocaine in the crack of the back seat. Therefore, the admission of Bennett's prior drug arrests is irrelevant to Appellant's constructive possession of the cocaine at issue in this case. Admission of such evidence would not help to establish or disprove Appellant's constructive possession.

¶ 14 Although, not controlling, it is quite instructive that under Rule 404 of the Federal Rules of Evidence, proof of the conduct of a third person is prohibited where the evidence is offered to prove his or her character as the basis for an inference as to his or her conduct; and the conduct of a third party offered to prove the character of the accused is barred as evidence of defendant's conduct. *U.S. v. Ellis,* 493 F.Supp. 1092, 1102 (M.D.Tenn.1979) *affirmed* 617 F.2d 604, *certiorari denied,* 449 U.S. 840, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980). In *Ellis,* following his conviction by the jury of various federal offenses, the defendant filed a post-trial motion in which he alleged among other things, that his constitutional rights were violated by the prosecutors when they sought to impeach him inferentially by proof that his deceased associate, Pomporini, had been convicted during his lifetime of mail fraud. Although the court found this to be a harmless error in light of the evidence against Ellis, it noted that evidence of other crimes or character traits of third parties is inadmissible.

¶ 15 The District Court noted that:

Rule 404(b), Federal Rules of Evidence, states very plainly that " * * * (e)vidence of other crimes * * * is not admissible to prove the character of a person in order to show that he acted in conformity therewith. * * * " Subsection (a) of the same rule reiterates that " * * * (e)vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: * * * " as related to (1) the accused, (2) the victim of the crime, or (3) a witness " * * * as provided in rules 607, 608, and 609."

As Mr. Pomporini was none of these 3 excepted persons, in so far as this case is concerned, the purpose of the prosecuting attorney must be said to have been to show that Mr. Pomporini acted in conformity with his character as a mail-fraud convict in dealing with Mr. Ellis, and thereby to suggest that the jury infer that Mr. Ellis' conduct was also of a mail-fraud nature.

If such was the purpose of the prosecuting attorney, such evidence was irrelevant and barred: proof of the conduct of a third person is/prohibited where the evidence is offered to prove his or her character as a basis for an inference as to his or her conduct; and the conduct of a third person offered to prove the character of the accused is barred as evidence of the defendant's conduct. 22 Wright & Graham, Federal Practice and Procedure, 457–458, Evidence, § 5239. " * * * An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence. * * * " *Bruton v. United States,* 391 U.S. 123, 131, 88 S.Ct. 1620, 20 L.Ed.2d 476(1968). *U.S. v. Ellis,* 493 F.Supp. 1092, 1102 (M.D.Tenn.1979).

¶ 16 Similar conclusions were reached in the following cases: *U.S. v. Ochoa,* 609 F.2d 198 (5th Cir.1980) (cross-examination of defendant, charged with distribution and conspiracy to distribute heroin, with respect to extraneous offenses of defendant's brother, brother-in-law, and friend (who were not on trial and were not parties to the litigation) constituted prejudicial error); *U.S. v. Thomas,* 11 F.3d 1392 (7th Cir.1993)(District court properly excluded evidence of specific instances of violent conduct by co-defendant against defendant in trial on the charge of aiding and abetting armed robbery on the ground that whatever marginal relevance specific instances of violent conduct may have had was clearly outweighed by danger of confusion of issues, delay, and unnecessary presentation of evidence); *U.S. v. Eason,* 920 F.2d 731 (11th Cir.1990)(nontestifying co-conspirator's prior conviction was inadmissible as being highly prejudicial and violating the tenet that guilt or innocence must be determined one defendant at a time without regard to the disposition of charges against others, even if Government's intent was solely to use conviction to impeach testifying witness rather than as substantive evidence of defendant's guilt).

¶ 17 Based on the language of Pa.R.E. 404(b)(1), the principle underlying the rule as well as the guidance of federal cases (interpreting F.R.E. 404), I would affirm the judgment of sentence because evidence of Bennett's prior drug arrests is irrelevant and inadmissible to prove that Bennett, not Appellant was in possession of the cocaine on the date in question.

¶ 18 For the foregoing reasons, I respectfully dissent.