J-S52010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIT A. SANTIAGO-TORRES | : | |
| | : | |
| Appellant | : | No. 2792 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 17, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003488-2017

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 05, 2019**

Darit A. Santiago-Torres appeals from the judgment of sentence imposed on August 17, 2018, in the Court of Common Pleas of Montgomery County, after a non-jury trial. The judge sentenced Santiago-Torres to a term of 4 years' probation, after she convicted him of one count each of possession of a controlled substance with intent to deliver (PWID), possession of a small amount of marijuana, possession of drug paraphernalia, and turning movements and required signals.[1] On appeal, Santiago-Torres argues the evidence was insufficient to sustain the verdict. For the reasons discussed below, we affirm.

_____

[1] 35 P.S. § 780-113(a)(30), (31), (32), and 75 Pa.C.S.A. § 3334(a), respectively.

The trial judge summarized the facts underlying Santiago-Torres' conviction as follows:

On February 24, 2017, Abington Police Officer Dustin Wittmer observed [Santiago-Torres'] vehicle illegally parked in front of a residence at 1305 Thompson Road. As the officer approached the vehicle, he observed it pull away from the residence. The officer subsequently observed the vehicle perform two right hand turns without using a turn signal. Following the second right hand turn, the officer activated his emergency lights and siren and effectuated a traffic stop. When the officer first approached the vehicle, he detected a strong odor of raw marijuana. The officer asked [Santiago-Torres] for his license, registration and proof of insurance and observed that [Santiago-Torres] was extremely nervous and hesitant to answer questions. While waiting for [Santiago-Torres] to produce the requested documentation, the officer observed a piece of paper in plain view containing the address of 1305 Thompson Road. Upon observing this paper, the officer asked about this address and [Santiago-Torres] responded that this was his friend's home but stated that he did not know his friend's name. [Santiago-Torres] also mentioned that he was performing electrical work, but the officer did not observe any evidence of electrical equipment in the vehicle.

The officer requested [Santiago-Torres] to exit the vehicle and asked whether he could perform a pat down of [Santiago-Torres'] person. [Santiago-Torres] provided the officer with permission, and during the pat down he felt large folded papers in [Santiago-Torres'] pocket which had the feel of money. Following the pat down, the officer asked [Santiago-Torres] if he could search his vehicle. [Santiago-Torres] displayed some hesitation, upon which the officer stated that he would obtain a search warrant if [Santiago-Torres] did not provide consent. [Santiago-Torres] subsequently provided verbal consent to search the vehicle.

During the search of [Santiago-Torres'] vehicle, the officer found two marijuana bags under the driver's seat, several pieces of paper with addresses and dollar amounts, ledgers containing addresses from surrounding counties and $4,280 from the rear tire well of the vehicle. The officer also found $5,035 on [Santiago-Torres'] person. The officer subsequently placed [him] under arrest.

On April 25, 2018, [Santiago-Torres] filed a motion to suppress the evidence seized from [his] person and his vehicle. On May 24, 2018, the [trial] court denied [his] motion to suppress following a hearing. That same date, the [trial] court held a bench trial and found [Santiago-Torres] guilty of the charges referenced above. On August 17, 2018, the [trial] court imposed an aggregate sentence of four (4) years of probation.

On September 17, 2018, [Santiago-Torres] filed a timely notice of appeal. On September 20, 2018, the [trial] court issued an [o]rder directing [Santiago-Torres] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (the "Concise Statement") within twenty-one (21) days. On October 9, 2018, [Santiago-Torres] requested an extension to file his Concise Statement until fourteen (14) days after he received the requested notes of testimony, which the [trial] court granted. On October 25, 2018, [Santiago-Torres] filed a timely Concise Statement. [On January 16, 2019, the trial court filed an opinion.]

Trial Court Opinion, 1/16/2019, at 1-3 (footnotes omitted).

On appeal, Santiago-Torres challenges the sufficiency of the evidence supporting his conviction for PWID.[2] Santiago-Torres argues the

---

[2] While Santiago-Torres purports to challenge "all of the charges", **see** Santiago-Torres' Brief, at 8, he waived any challenge to his conviction for possession of drug paraphernalia, possession of a small amount of marijuana, and turning movements and required signals. In his Pa.R.A.P. 1925(b) statement, he only challenged his conviction for PWID. **See** Statement of Matters to be Complained of on Appeal, 10/25/2018, at unnumbered page 1. As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2011), *appeal denied*, 827 A.2d 430 (Pa. 2003) ("[A Rule 1925(b)] [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all."); **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009).

Commonwealth failed to prove he constructively possessed the contraband inside the vehicle. *See* Santiago-Torres' Brief at 8-13. Santiago-Torres contends there was another individual in the vehicle when the police pulled it over, and he was not the owner of the car. *See id.* He asserts there was insufficient evidence that he actually knew of the existence of the contraband, despite the fact he was the driver and the police located the marijuana under the driver's seat. *See id.*

He also maintains the Commonwealth only presented "ambiguous proof" in support of its assertion he possessed the drugs with the intent to deliver. *Id.* at 14. He notes the quantity of the drugs found in and of itself was insufficient to prove intent to deliver; the packaging was consistent with both personal use and drug dealing; his possession of drug paraphernalia; and the absence of a weapon. *See id.* at 15, 17-18.

Our standard of review for a challenge to the sufficiency of the evidence is well settled:

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt **when viewed in the light most favorable to the Commonwealth**[.] The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

*Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (internal

citations and quotation marks omitted, emphasis added), *appeal denied*, 167

A.3d 698 (Pa. 2017).

Section 780–113 of The Controlled Substance, Drug, Device and

Cosmetic Act provides in relevant part:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

> \* \* \*

> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. §§ 780–113(a)(30).

The following principles govern the Commonwealth's burden of proof in

drug possession cases:

> In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband. Actual possession is proven by showing . . . [the] controlled substance [was] found on the [defendant's] person. If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the drug.

*Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014) (*en banc*)

(internal citations and quotation marks omitted), *appeal denied*, 121 A.3d 496

(Pa. 2015).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820–821 (Pa. Super. 2013) (citations omitted), *appeal denied*, 78 A.3d 1090 (Pa. 2013). "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." *Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. 2013) (citation omitted), *appeal denied*, 77 A.3d 636 (Pa. 2013).

In determining whether the Commonwealth proved the delivery element of PWID, this Court has stated:

When determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash[.] Additionally, expert opinion testimony is also admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use. [We have held] that such expert testimony, coupled with the presence of drug paraphernalia, is sufficient to establish intent to deliver.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations and quotation marks omitted), *affirmed*, 106 A.3d 705 (Pa. 2014).

- 6 -

In the present case, Santiago-Torres' arguments with respect to both the possession element and the delivery element suffer from a fatal flaw, he views the evidence in the light most favorable to himself, not the Commonwealth. **See** Santiago-Torres' Brief, at 8-18. Viewing the evidence in the light most favorable to the Commonwealth, there is sufficient evidence to conclude Santiago-Torres constructively possessed the drugs found in the vehicle and possessed them with the intent to deliver.

Santiago-Torres was the driver of the car; the police found the drugs directly under Santiago-Torres' seat, within his reach, and the odor of the marijuana was so strong that police could smell it outside the car. N.T. Trial, 5/24/2018, at 11, 25, 125, 157, 162. While Santiago-Torres' father was the registered owner of the car, Santiago-Torres specifically told the police the car was his. **Id.** at 157, 162. Viewing the evidence in the light most favorable to the Commonwealth, the court, sitting as fact-finder, could reasonably conclude the totality of the circumstances established Santiago-Torres had the ability and intent to exercise control over the drugs.[3] **See Commonwealth**

---

[3] Santiago-Torres' reliance on **Commonwealth v. Spencer**, 621 A.2d 153 (Pa. Super. 1993), **Commonwealth v. Boatwright**, 453 A.2d 1058 (Pa. Super. 1982); and **Commonwealth v. Hamm**, 447 A.2d 960 (Pa. Super. 1982) is misplaced. Both **Spencer** and **Boatwright** concerned situations where the defendant was the passenger in the car, not the driver. **See Spencer**, **supra** at 154; **Boatwright**, **supra** at 1058. Further, both **Spencer** and **Boatwright** involved situations where the police found contraband in close proximity to the driver but located remotely from the passenger. **Spencer**, **supra** at 154; **Boatwright**, **supra** at 1058-1059. In **Spencer**, in

*v. Dix*, 207 A.3d 383, 390-391 (Pa. Super. 2019), *appeal denied*, 2019 WL 4164778 (Pa. Sep. 3, 2019) (evidence sufficient to find constructive possession of drugs where appellant was driver of car and police found drugs on floor in front of driver's seat); *Spencer*, *supra* at 155.

With respect to delivery, Santiago-Torres' argument[4] is based, in its entirety, in viewing the evidence in the light most favorable to himself, rather than to the Commonwealth. *See* Santiago-Torres' Brief, at 13-18. Further, after a thorough review of the trial transcript, we find the trial court, in its opinion, thoroughly and accurately summarized the testimony of the Commonwealth's expert witness, Detective Michael Reynolds. *See* Trial Court Opinion, 1/16/2019, at 11–12 (summarizing expert's testimony that: (1) the papers recovered from the car were drug tally worksheets; (2) the crossing out of certain addresses on the papers is "indicative of a debt being paid in the drug business[,]"; (3) the "acronyms listed on some of the paper slips refer to different marijuana strains[,]"; (4) the separation of large sums of money into bundles, one found on Santiago-Torres' person and the other in

_____

fact, the Court specifically found the driver was the individual who constructively possessed the drugs. *See Spencer*, *supra* at 155. In *Hamm*, while the defendant was the driver, the police observed the backseat passenger of the car pass a gun to the front-seat passenger, who put the gun under his seat, a situation that has no bearing on the current matter. *See Hamm*, *supra* at 961-962.

[4] Throughout this section of Santiago-Torres' Brief, defense counsel refers to the appellant as "Carpenter". *See* Santiago-Torres' Brief, at 14-15.

the wheel well of the car "is a common trait for drug traffickers to try to separate money and not have everything all on them at one time"; (5) the absence of any personal use paraphernalia on Santiago-Torres' person or in the vehicle; and (6) the presence of two marijuana bags; concluding none of the above are typical for a user but is rather indicative of possession with intent to deliver). Furthermore, we conclude the court provides a well-reasoned basis for its determination that the Commonwealth presented sufficient evidence to support the judge's verdict of PWID. *See id.* at 12. Therefore, we adopt the sound reasoning of the Honorable Wendy G. Rothstein as dispositive of this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/19