**[J-73-2020] [MO: Donohue, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 9 MAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court dated August 9, |
| | : | 2019 at No. 472 MDA 2018 |
| v. | : | Affirming the Judgment of Sentence |
| | : | of the Luzerne County Court of |
| | : | Common Pleas, Criminal Division, |
| ERIC YALE, | : | dated November 17, 2017 at No. |
| | : | CP-40-CR-0001152-2017. |
| Appellant | : | |
| | : | ARGUED:  September 16, 2020 |

**DISSENTING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED:  April 29, 2021**

I respectfully dissent.  The record is clear appellant and Larry Thompson were co-defendants, and both were charged under "principal and accomplice theories of liability." Majority Opinion at 3; *see Commonwealth v. Yale*, 472 MDA 2018, 2019 WL 3763966 at *1 (Pa. Super. Aug. 9, 2019) (unpublished memorandum) ("The Commonwealth charged [appellant] and Thompson under accomplice and principal theories of liability."); *see also* Pa.R.A.P. 1925(a) Opinion, no. 1152-2017 (Luzerne Co.) at 1, n.1 ("Counts one and two of the [i]nformations against both [d]efendants charged each as a principal and accomplice."); *see also* Appellant's Brief at 6 (identifying "Larry Thompson" as appellant's "co-defendant"); *see id.* at 9 (officer identified "Thompson" at trial as appellant's "co-defendant") (citing N.T. Trial, 9/26/17 at 84).  The learned majority ultimately determines evidence of Thompson's prior methamphetamine offenses was admissible as relevant to appellant's potential defense that Thompson alone was guilty.  The majority does so in

partial reliance on the holding in a constructive possession case. Majority Opinion at 22, n.14, *citing Commonwealth v. Devon Thompson*, 779 A.2d 1195 (Pa. Super. 2001) (prior drug arrests of driver, who was not charged, admissible at trial of backseat occupant charged with possession of drugs found in backseat). I must respectfully disagree. In my view, *Devon Thompson* is inapposite because the driver in that case was not charged as a principal or an accomplice, and the theory against the defendant was constructive possession. Here, both men were charged with manufacturing methamphetamine and the jury was aware of that fact. I agree with the trial court which determined the evidence appellant's co-defendant had prior methamphetamine offenses was irrelevant to appellant's potential defense to accomplice liability. This evidence may have been confusing to the jury given both men were found in the room containing the components, and appellant admitted he knew the components found in his bedroom were for the manufacture of methamphetamine. *See* Pa.R.A.P. 1925(a) Opinion at 9-10; *Yale*, 2019 WL 3763966 at *1 ("While in custody . . . [appellant] admitted the items were found in his bedroom and were there to manufacture methamphetamine.").

As the majority recognizes, evidence is relevant if it has a tendency to make any fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. *See* Majority Opinion at 2, n.2, *citing* Pa.R.E. 401. In my view, the fact of Thompson's prior offenses does not make it any more probable that **he acted alone** in this case, or any less probable that appellant acted as his accomplice, particularly since the components and equipment for producing methamphetamine via the "one pot" method were found in a room occupied and used by both appellant and Thompson, and appellant was aware the components and equipment were for manufacturing methamphetamine. This was not a simple possession case. Certainly, appellant had the right to mount a defense asserting he did not agree with,

acquiesce to, or participate in his co-defendant's actions, but evidence of his co-defendant's prior methamphetamine offenses does not make that asserted fact-based defense any more or less probable. Thompson's prior offenses were a fact of no consequence at appellant's trial charging accomplice liability and thus, not relevant. Even if it could be shown Thompson acted "alone" with respect to his prior offenses, that "fact" does not properly tend to show he probably acted "alone" in the current case.

I also wish to distance myself from the majority's rejection of the Commonwealth's assertion regarding the plain language of Rule 404(b)(1) which states "(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a **person's** character in order to show that on a particular occasion the **person** acted in accordance with the character." Pa.R.E. 404(b)(1)(emphasis added).[1] The Commonwealth asserts the rule applies to any person, not just a defendant: "Contrary to a recent view, the Commonwealth submits that there is no such thing as 'reverse 404(b)' evidence. The Rule speaks about a **person's** character being inadmissible unless it is offered to show motive, plan, identity, or a common plan or scheme. There is not a different standard contemplated by the Rule depending on which party, the Commonwealth or defendant, offers the evidence." Commonwealth's Brief at 6-7 (emphasis added).

The majority creates a different standard. It concludes "third person guilt" is governed by Rules 401-403, and "[t]he prejudice-deterring" standards contained in Rule 404(b)(2) cannot be applied to evidence that does not create prejudice or diminish the presumption of innocence. Majority Opinion at 34.

---

[1] Of course Rule 404(b)(2) lists permitted uses of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

So called "reverse 404(b)" evidence describes evidence of other crimes or acts of a third person to raise a doubt as to a defendant's guilt, and the majority holds such evidence should not be held to the rigorous admissibility requirements and prejudice concerns attendant to the use of such evidence against a defendant. The bedrock inquiry for admissibility of such evidence, the majority concludes, "requires nothing more than the traditional inquiries prompted by our rules of evidence." *Id.*at 32. The majority reduces these inquiries to whether the third person guilt evidence has a tendency to make the defendant's culpability more or less probable than it would be absent the evidence, and whether the probative value of the third person guilt evidence is outweighed by danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 32-33, *citing* Pa.R.E. 401, 403; *United States v. Stevens*, 935 F.2d 1380, 1384 (3d Cir. 1991); *United States v. Aboumoussallem*, 726 F.2d 906, 911 (2d Cir. 1984). In arguendo, despite the majority view that the strictures upon admissibility of evidence of other bad acts of a "person" as plainly stated in Rule 404(b)(1) essentially apply only to a defendant and not a third person, I am still of the view the instant evidence was inadmissible because the evidence did not have a tendency to make appellant's culpability as an accomplice more or less probable, and its admission was outweighed by danger of confusing the issues and misleading the jury as the trial court properly determined.

Accordingly, I respectfully dissent.