J-S20033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH BUFORD | : | |
| | : | |
| Appellant | : | No. 3805 EDA 2015 |

Appeal from the Judgment of Sentence November 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0014415-2014

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                          **FILED JUNE 06, 2017**

Joseph Buford appeals from the judgment of sentence imposed on November 19, 2015, in the Court of Common Pleas of Philadelphia County, following his conviction[1] on charges of possession of a firearm, carrying a firearm without a license, carrying a firearm in Philadelphia without a license, and possession of drug paraphernalia.[2]   Buford received an aggregate sentence of 5 years and one day to 17 years' incarceration.  In this timely appeal, Buford claims there was insufficient evidence to support

---

[1] A hearing on Buford's motion to suppress evidence was held on September 17, 2015.  This motion was denied.  Following the motion, Buford waived his rights to a jury trial and the parties stipulated to all relevant non-hearsay evidence.  The trial court subsequently convicted Buford on all charges.

[2]   18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108 and 35 P.S. § 780-113(a)(32), respectively.

his convictions. After a thorough review of the certified record, the submissions by the parties, and relevant law, we affirm.

We quote the factual background as related by the trial court in its Pa.R.A.P. 1925(a) opinion.

> On December 9, 2014, Philadelphia Police Officer Brian Rosenbaum was on routine patrol in the area of 67th Avenue and Ogontz Avenue when he observed [Buford] driving a black Chevy Avalanche. Officer Rosenbaum stopped the vehicle based upon his observation of tint on the front windows of the vehicle, which he believed was a violation of the motor vehicle code. In particular, Officer Rosenbaum observed that the front driver's side and passenger's side windows were tinted to the point that he could not see inside the vehicle or observe who was driving.
>
> After he stopped the vehicle, Officer Rosenbaum approached the vehicle and asked [Buford] for his license and registration. While at the driver's side of the vehicle, Officer Rosenbaum smelled what he immediately recognized as unburnt marijuana. He also observed in the center console unused narcotics packaging as well as a metal cylinder that he recognized as commonly used for breaking up marijuana. As [a] result of smelling marijuana and observing narcotics paraphernalia, Officer Rosenbaum asked [Buford] to exit his vehicle.
>
> Officer Rosenbaum then searched the vehicle. During the search, he noticed that the front of the cup holder was loose. After removing the top of the cup holder, Officer Rosenbaum observed a .38 Special revolver inside the cup holder. He removed the firearm and later placed [Buford] under arrest.
>
> Officer Rosenbaum has been a police officer for 8 years. As a police officer, he has smelled marijuana nearly every day. He is also familiar with narcotics packaging as well as metal cylinders that are used to grind up marijuana.
>
> On cross-examination, Officer Rosenbaum was shown three photographs of a black Chevy Avalanche that did not have any tint on the front windows of the vehicle. He was unsure,

however, if the vehicle in the photographs was the same vehicle that he stopped.

[Buford] testified that the three photographs contained images of the same black Chevy Avalanche that he was driving on the date of his arrest.

As part of its findings of facts, the trial court noted several differences in the vehicles displayed in the three photographs (copies of which are attached as Exhibit A to this Opinion):

- The door handles on the vehicle in photo 1 are black whereas the door handles on the vehicle in photo 3 are chrome;

- The vehicles in photos 1 and 2 have differently shaped hubcaps (large, flat spokes in photo 1 versus skinny, indented spokes in photo 2);

- A Chevy logo is on the hubcap on the vehicle in photo 1, but there is no Chevy logo on the same hubcap on the vehicle in photo 2;

- A *circular* Chevrolet insignia near the rear passenger door on the vehicle in photo 1 does not match the *square* Chevrolet insignia near the rear passenger door on the vehicle in photo 3;

- The sideview mirror on the vehicle in photo 1 is all black whereas the sideview mirrors on the vehicles in photos 2 and 3 are half black and half chrome; and

- The word "AVALANCHE" is on the front door on the vehicle in photo 1 whereas the words "AVALANCHE S" [are] on the front door on [the] vehicle in photo 3.

Based upon these observed differences, the trial court concluded that none of the three photographs showed the same vehicle. Based upon that finding as well as [Buford's] demeanor and manner of testifying, the trial court discredited [Buford's] testimony that his vehicle did not have improperly tinted windows on the date of his arrest. Instead, the trial court credited Officer Rosenbaum's testimony in full based upon his responses, demeanor and manner of testifying.

Trial Court Opinion, 5/17/2016 at 1-3 (citations omitted) (italics in original).

Against this evidence, Buford now claims there was insufficient evidence to prove he possessed any of the contraband items. Specifically, he states,

> The evidence is insufficient to establish an inference more likely than not that Appellant Joseph Buford possessed the firearm or drug paraphernalia found in the motor vehicle, and that he had "the power to control the contraband and the intent to exercise that control." [**Commonwealth v.**] **Cruz**, 21 A.3d [1247] at 1253 [(Pa. Super. 2011)].
>
> The firearm was found where access by anyone to it was easy. The totality of the circumstances of the stop by the police on December 9, 2014 does not give rise to the inference Appellant Buford brought the gun into the vehicle.

Buford's Brief at 13. We find Buford's argument to be meritless.

Initially, we note our scope and standard of review for a claim of insufficient evidence:

> "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Tejada**, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, --- Pa. ---, 119 A.3d 351 (2015) (citation omitted). "When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth [.]" **Commonwealth v. Haney**, ---Pa. ---, 131 A.3d 24, 33 (2015) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Commonwealth v. Coleman**, 130 A.3d 38, 41 (Pa. Super. 2015) (internal quotation marks and citation omitted).

**Commonwealth v. Walls**, 144 A.3d 926, 931 (Pa. Super. 2016)

Buford has challenged the sufficiency of the evidence demonstrating he constructively possessed the contraband. Accordingly, we note:

> When determining whether one may be deemed to have constructive possession of contraband, this Court has stated the following:
>
> > As appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of the seized items to support his convictions. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances. *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012), *appeal denied*, 619 Pa. 697, 63 A.3d 1243 (2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. *Commonwealth v. Bricker*, 882 A.2d 1008, 1016-1017, (Pa. Super. 2015).
>
> *Commonwealth v. Kinard*, 95 A.3d 279, 292 (Pa. Super. 2014) (*en banc*).

*Commonwealth v. Bergen*, 142 A.3d 847, 851-52 (Pa. Super. 2016).

Here, the trial court determined, and we agree, that the evidence clearly demonstrated Buford was in constructive possession of both the firearm and the drug paraphernalia. Buford was the owner of the vehicle and was both the operator and sole occupant at the time of the traffic stop. The drug paraphernalia was in plain view in the center console, next to

Buford.  Similarly, the handgun was found underneath a loose cup holder, immediately next to Buford.  Given the totality of the circumstances, specifically that the contraband was found in a vehicle, immediately next to and within easy reach of Buford, who was the operator and sole occupant of the vehicle, and the vehicle was owned by Buford, there is sufficient evidence to support the inference that  Buford had both the power and intent to control the handgun and the drug paraphernalia.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017