J-S57036-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOEL INGS, | : | |
| | : | |
| Appellant | : | No. 1811 EDA 2017 |

Appeal from the Judgment of Sentence May 4, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011938-2013

BEFORE:     PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:     **FILED DECEMBER 17, 2018**

Joel Ings (Appellant) appeals from the May 4, 2017 judgment of sentence imposed after a jury convicted him of one count of carrying a firearm without a license and one count of carrying firearms on public streets or public property in Philadelphia.  We affirm.

In the early morning hours of August 2, 2013, Appellant fired a gun several times in a public park in Philadelphia, Pennsylvania.  He was arrested and charged with, *inter alia*, the aforementioned offenses.  At the conclusion of the jury trial on May 4, 2017,[1] Appellant was found guilty of said offenses

---

[1] The delay between Appellant's arrest and trial appears to be attributable to, *inter alia*, a series of continuances; pretrial motions; two bench warrants issued due to Appellant's failure to appear at trial; Appellant's entry of a guilty plea and subsequent grant of his motion to withdraw said plea; and a trial judge's recusal.  **See** Docket CP-51-CR-0011938-2013 of the Court of Common Pleas of Philadelphia County.

*Retired Senior Judge assigned to the Superior Court.

and was sentenced that day to an aggregate term of three years of probation.

On June 1, 2017, Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's claim on appeal is that he is entitled to a new trial because the trial court erred by denying his motion for a mistrial after it made prejudicial comments, in the presence of the jury, that undermined his defense, ridiculed defense counsel, and improperly placed the burden of proof on Appellant. Appellant's Brief at 3, 9-11.

Our review of a denial of a motion for mistrial is whether the trial court abused its discretion. **Commonwealth v. Jaynes**, 135 A.3d 606, 615 (Pa. Super. 2016). "Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." **Id.** (citation omitted).

The challenged statements occurred during the cross-examination of Commonwealth witness Robert Daly, a Philadelphia police detective.

> THE COURT: [Appellant] is on trial for two counts. One count is possession of a firearm without a license and the other is possession of a firearm on the streets of Philadelphia. Do either of those crimes require proof that [Appellant] fired a gun?
>
> [WITNESS DALY]: No.

THE COURT: Anybody have any other questions?

[PROSECUTOR]: Nothing further.

[DEFENSE COUNSEL]: Your Honor, I do, if I may?

THE COURT: Sure.

BY [DEFENSE COUNSEL]:
Q. Detective, originally or initially, [Appellant] was charged with firing a gun. He was charged with --

THE COURT: Doesn't matter. It doesn't matter if he was charged with kidnapping the Lindbergh baby. At some point they decided he didn't kidnap the baby. They decided they weren't going to charge him with shooting anybody or at anybody. He's only on trial for possession of a firearm. Do you have anything else?

[DEFENSE COUNSEL]: I do, if I may, Your Honor?

THE COURT: Sure.

BY [DEFENSE COUNSEL]:
Q. Sir, you're aware that after a gun is fired that gunshot residue or gunshot particles are left on a firearm, correct?

A. That's correct.

Q. So if a person comes in contact with a firearm, either while it's being shot or immediately after it's shot, it very well may be that that person has gunshot residue on either their hands or their clothing if the gun had come in contact with the person's clothing.

[PROSECUTOR]: Objection; relevance.

THE COURT: Well, it's not only relevance. It goes to his expertise. I've never heard the theory that you just proposed, that a gun that had been fired at some point has gunshot residue on the outside of it so that anybody who touches it will have gunshot residue on them. What would be the point of a gunshot residue test if anybody who touched the gun would have gunshot residue?

- 3 -

[WITNESS DALY]: That's correct. It's more for the -- when the gases come out of the firearm, people surrounding it, near it, the clothing, whether it's in the vehicle, that's when it would be appropriate to tell if the firearm was fired.

THE COURT: Not whether it was touched?

[WITNESS DALY]: Not whether it was touched.

[DEFENSE COUNSEL]: If I may?

THE COURT: If you have an expert, call the expert. If you want to ask the firearms expert, the ballistics person, maybe he has expertise in that area.

[DEFENSE COUNSEL]: Very well.

N.T., 5/2/2017, at 112-14.

Defense counsel did not object at the time these statements were made. In fact, an additional witness testified at trial that day, and counsel waited to object until the following day of trial. Based on this exchange, at trial the next day defense counsel objected to the court's statements and moved for a mistrial or, alternatively, a curative jury instruction. N.T., 5/3/2017, at 5. After a discussion on the record outside the presence of the jury, the trial court denied the motion for mistrial[2] but agreed to a curative

---

[2] Although the trial court did not explicitly rule on the motion for mistrial, its overruling the objection and offering the curative instruction reveal that the trial court did indeed deny the motion for mistrial. *See* N.T., 5/3/2017, at 3-5.

- 4 -

instruction.[3]  *Id.* at 3-5.  In its 1925(a) opinion, the trial court determined

that Appellant waived this claim by failing to raise a contemporaneous

---

[3] In relevant part, the trial court instructed the jury, without objection, as follows:

> We had a discussion during the trial with regard to ballistic evidence.  I think at some point defense counsel said something or questioned a witness along the lines of when the gun's been fired, doesn't that leave behind a gunshot residue on the gun, so anybody who ever touches the gun will have gunshot residue?  And I told him he was out of line, but if he wanted to put something like that in evidence, he had to ask an expert, ask the DA's expert or present his own expert.  But he is not an expert witness.  He can't testify.  At the same time, I probably said something along the lines that's a surprise to me.  I never heard anything like that before.

> Expert testimony is only admitted from an expert that is qualified to render an expert opinion.  To the extent that I rendered an expert opinion by saying I've never heard that theory before, I don't know where that was coming from.  That was sort of an expert opinion on my part.  To the extent that that sounded like an expert opinion coming from me, you are to disregard that.  To the extent that I stated or suggested that [Appellant] has a burden of proof that they have to call a witness, an expert to testify to anything, you are to disregard that.  They don't have a burden to call any witness at any time, but they also can't make stuff up.  So the lawyer can't suggest a theory, an expert theory, and have you to consider that, because it's not coming from an expert.  It's coming from a laywer.  And who knows if it's accurate or not accurate.  I disagreed with it.  Others might disagree with it.  And maybe somewhere there is somebody who might testify to it.  We don't know.  It's simply not in evidence.  It's not in the case.  You heard from no expert, from no witness, that once a gun is fired it's covered with gunshot residue, and if anybody touches that gun they will have gunshot residue.  I'm just reminding you that [Appellant] has no burden to call any witness, expert, or introduce any evidence.

*(Footnote Continued Next Page)*

objection. Trial Court Opinion, 3/16/2018, at 4-5. The trial court further concluded that, even if Appellant had properly preserved this claim, any alleged prejudice was cured by the trial court's instruction to the jury. *Id.* at 6.

Pennsylvania Rule of Criminal Procedure 605 provides that "[w]hen an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion **shall** be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(B) (emphasis added). Appellant concedes that his counsel did not object or move for a mistrial at the time of the trial court's statements.[4] Appellant's Brief at 11-12. We find that in failing to lodge a contemporaneous objection or move for a mistrial at the time the trial court made the aforementioned statements during Detective Daly's cross-examination, Appellant waived this claim. ***Commonwealth v. Bergen***, 142 A.3d 847, 854 (Pa. Super. 2016) (finding claim that trial

*(Footnote Continued)* —————————

N.T., 5/3/2017, at 51-53; ***see also id.*** at 43-44 (instructing jury to disregard any implied opinion of the trial court), 65-66 (response in the negative when asked by the trial court whether prosecutor or defense counsel had any objections to trial court's instructions to jury).

[4] Appellant argues that, although he waited until the following day to object and move for a mistrial, his objection and motion were timely nonetheless because the trial had not yet ended. Appellant's Brief at 12. To the extent Appellant argues that ***Commonwealth v. Hammer***, 494 A.2d 1054 (Pa. 1985) supports this contention, ***see*** Appellant's Brief at 14-16, we note that decision was abrogated by ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002).

- 6 -

court's statements deprived Bergen of fair trial waived where counsel failed to make contemporaneous objection), *citing* **Commonwealth v. Colon**, 31 A.3d 309, 316 (Pa. Super. 2011) (same); *see also Commonwealth v. Cornelius*, 180 A.3d 1256, 1261–62 (Pa. Super. 2018) (finding claim challenging denial of motion for mistrial waived where defense counsel failed to object at time of alleged prejudicial statement by court).[5, 6]

Accordingly, Appellant is not entitled to relief from this Court.

Judgment of sentence affirmed.

---

[5] Even if Appellant had properly preserved this claim for appellate review, any alleged prejudice was cured by the trial court's instruction to the jury which was given pursuant to defense counsel's own request. "The law presumes that the jury will follow instructions of the court." **Commonwealth v. Spotz**, 896 A.2d 1191, 1224 (Pa. 2006) (citation omitted); *see also Commonwealth v. Radecki*, 180 A.3d 441, 457 (Pa. Super. 2018) (finding trial court's instruction to jury after witness's alleged prejudicial testimony cured any such prejudice). Appellant makes no argument and offers no evidence that the jurors failed to follow the trial court's instructions and thus, Appellant's claim fails. **See Spotz**, 896 A.2d at 1224.

[6] To the extent Appellant claims the trial court improperly excluded testimony from Detective Daly relating to gunshot residue, **see** Appellant's Brief at 17-19, such claim is likewise waived for failing to object contemporaneously to its exclusion. Moreover, Appellant waived any such claim by failing to include it in his Rule 1925(b) statement or the statement of questions involved section of his brief. **See** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement … are waived"); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived"); **Commonwealth v. Kennedy**, 151 A.3d 1117, 1122 n.12 (Pa. Super. 2016) (finding argument waived where it was not included in statement of questions involved).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/17/18