J. S17033/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MICHAEL WILLIE, : No. 2295 EDA 2017
:
Appellant :


Appeal from the Judgment of Sentence, June 2, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009512-2015


BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 12, 2019**

Michael Willie appeals from the June 2, 2017 judgment of sentence of four to eight years' imprisonment, with credit for time-served, imposed after he was found guilty in a bench trial of one count of persons not to possess, use, manufacture, control, sell or transfer firearms ("unlawful possession of a firearm").[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On July 15, 2015, an anonymous informant called Officer Richard Fitzgerald ("Fitzgerald") and offered information regarding a man (later identified as [a]ppellant) who was selling heroin. The informant provided Fitzgerald with seller's nickname and cell phone number. On July 20, 2015, the informant agreed to introduce Fitzgerald to [a]ppellant so that Fitzgerald could conduct a controlled buy. On that date, Fitzgerald and the informant drove an unmarked

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

vehicle to the 3200 block of Frankford Avenue. Shortly after they arrived, [a]ppellant approached the vehicle, engaged in a brief conversation, and entered the back of the car behind the passenger's seat. Fitzgerald testified that after [a]ppellant entered the vehicle, Fitzgerald paid him with $200 of prerecorded money and, in return, received two bundles which consisted of 26 packets of heroin. During the transaction, other officers conducted surveillance of the surrounding area. Officer Timothy Bogan ("Bogan") testified that on July 20, 2015, he observed [a]ppellant approach and enter Fitzgerald's vehicle but did not witness the actual sale.

After the sale, Fitzgerald left, and backup officers continued surveilling the area. Officers followed [a]ppellant to a carwash garage on 3310 Amber Street. Appellant was in and [out] of the garage a couple times, then moved towards the 1800 block of Tioga Street. At some point, [a]ppellant noticed the officers and ran into the residence at 1849 E. Tioga. Later that day, Fitzgerald turned over the purchased packets to Bogan, who conducted a ["]NIK test A and L" and confirmed that the packets contained heroin. That same day, Bogan submitted an Affidavit of Probable Cause for a search warrant.

On July 21, Fitzgerald called the seller and attempted to set up a second purchase. The seller instructed Fitzgerald to return to the 3200 block of Frankford Avenue. However, before the officer could complete the purchase, the seller informed him that the supplier providing the drugs for sale was not available and the drugs were not ready. That same day, Bogan and other officers continued surveillance of 1849 E. Tioga Street and observed [a]ppellant sitting on the front porch of the residence. On July 22, Fitzgerald called the seller several times but was told that the drugs were still not available.

Surveillance of the Amber Street garage continued on July 23, where officers observed [a]ppellant repeatedly enter and exit the premises. Around 3:00 P.M., officers executed valid search warrants for

the properties at 3310 Amber Street and 1849 E. Tioga Street. The officers arrested [a]ppellant outside of the Amber Street garage and recovered a set of keys and a cell phone from his person. After seizing [a]ppellant's phone, Fitzgerald called the seller's number. Fitzgerald and Bogan watched [a]ppellant's phone and saw it ring; the phone displayed Fitzgerald's number as the source of the incoming call. It was later discovered that one of the keys recovered from [a]ppellant matched the 1849 E. Tioga residence.

Upon searching the 3310 Amber Street garage, officers recovered $51 from the cash register, $219 from the rear room, and a .38 caliber revolver from a sewer line in the garage. Upon searching the 1849 E. Tioga residence, officers recovered a .9[-]millimeter handgun from a storage bin inside [a]ppellant's bedroom closet. The handgun was loaded with one round in the chamber and eight in the magazine. Officers also recovered a residential lease agreement from the bedroom closet. The lease described the 1849 E. Tioga Street residence and named [a]ppellant and Sabrina Morrison as the tenants of that residence.

Trial court opinion, 9/20/18 at 2-4 (footnotes, internal quotation marks, and citations to notes of testimony omitted).

Appellant was arrested in connection with this incident and charged with possession of a controlled substance, possession with intent to deliver a controlled substance, unlawful possession of a firearm, and criminal use of a communication facility.[2] On January 19, 2017, appellant filed a pre-trial

---

[2] 35 P.S. §§ 780-113(a)(16) and (a)(30), and 18 Pa.C.S.A. §§ 6105(a)(1) and 7512(a), respectively.

motion to compel disclosure of the confidential informant's ("CI") identity.[3] Following a hearing, the trial court denied appellant's motion on June 2, 2017. (Notes of testimony, 6/2/17 at 42.) Appellant subsequently waived his right to a jury and proceeded to a bench trial that same day. (*Id.* at 43-44.) At the waiver trial, the parties stipulated to the fact that appellant was prohibited from possessing a firearm due to his 2003 burglary[4] conviction. (*Id.* at 63.) Additionally, the trial court clarified that it was not considering the firearm found at the 3310 Amber Street location. (*Id.* at 64.) At the conclusion of the one-day bench trial, the trial court found appellant guilty of unlawful possession of a firearm; appellant was found not guilty of the remaining charges. (*Id.* at 66.) As noted, the trial court sentenced appellant to 4 to 8 years' imprisonment, with credit for time-served, on June 2, 2017. (*Id.* at 72; *see also* trial court sentencing order, 6/2/17.) Appellant did not file any post-sentence motions. This timely appeal followed.[5]

---

[3] Officer Fitzgerald testified that the CI began the process of registering with the Philadelphia Police Department, but never completed the registration because of his/her concerns about their "general safety with continuing their life in the community[.]" (Notes of testimony, 6/2/17 at 11-12.)

[4] 18 Pa.C.S.A. § 3502.

[5] On August 3, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant failed to file a timely Rule 1925(b) statement, and on December 11, 2017, the trial court filed an opinion finding all of appellant's issues waived. On May 10, 2018, this court entered a *per curiam* order dismissing appellant's appeal for failure to file a brief; appellant's appeal was subsequently reinstated by this court on May 18,

Appellant raises the following issues for our review:

1. Whether the trial court abused its discretion in denying [a]ppellant's motion for disclosure of [the CI's] identity, because [a]ppellant's request for disclosure of the CI's identity was reasonable and material to [a]ppellant's defense, since [a]ppellant's defense was predicated on impeaching undercover officer's allegation that [a]ppellant made undercover drug sale and the [CI] and undercover police officer were the only witnesses alleged by the Commonwealth that were present during the alleged controlled drug sale?

2. Whether the trial court abused its discretion in finding [a]ppellant guilty of [unlawful possession of a firearm], where there was insufficient evidence to establish that [a]ppellant was in constructive possession of firearm recovered inside his home, where [a]ppellant was never observed in actual possession of the firearm by the Commonwealth police witnesses and there was another person in dwelling where firearm was recovered who had equal access to the firearm and was as capable as [a]ppellant of exercising dominion and control over the gun?

3. Whether the trial court abused its discretion in finding [a]ppellant guilty of [unlawful possession of a firearm], where two firearms were recovered pursuant to execution of search and seizure at two separate North Philadelphia locations, 1849 Tioga Street and 3310 Amber Street, [a]ppellant was found guilty only of possessing firearm recovered from dwelling at 1849 Tioga Street, [a]ppellant was only charged with one count of 6105, and the Bill of Particulars did not specify which firearm [a]ppellant was charged with possessing?

---

2018. On August 26, 2018, appellant filed a timely Rule 1925(b) statement, and the trial court filed its Rule 1925(a) opinion on September 20, 2018.

J. S17033/19

Appellant's brief at 6.

Appellant first argues that the trial court abused its discretion in denying his motion to compel disclosure of the CI. (*Id.* at 13.) Specifically, appellant avers that,

> disclosure of the CI's identity was reasonable and material to appellant's defense, since [it] was predicated on impeaching [Officer Fitzgerald's] allegation that appellant made undercover drug sale and the [CI] and [Officer Fitzgerald] were the only witnesses alleged by the Commonwealth to be present during the alleged controlled drug sale.

*Id.* (full capitalization omitted). For the following reasons, we disagree.

"Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." ***Commonwealth v. Washington***, 63 A.3d 797, 801 (Pa.Super. 2013).

Pennsylvania Rule of Criminal Procedure 573 governs pretrial discovery and inspection and provides that a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including CIs, where a defendant establishes that the information sought is material to the preparation of the defense and that the request is reasonable. Rule 573 provides, in relevant part, as follows:

> (a) In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the

Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i)     the names and addresses of eyewitnesses[.]

Pa.R.Crim.P. 573(B)(2)(a)(i).

When considering a claim under Rule 573(B), we are mindful of the following:

The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth.

In striking the proper balance, the court must consider the following principles:

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations[,] the trial court may require disclosure and, if

- 7 -

> the Government withholds the information, dismiss the action.
>
> [N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Commonwealth v. Koonce*, 190 A.3d 1204, 1209 (Pa.Super. 2018) (citations omitted).

Upon review, we conclude that appellant failed to establish that the disclosure of the CI's identity was material to his case or reasonable under the circumstances. The record reflects that the CI's involvement in this matter was limited to the drug-related charges for which the trial court ultimately found appellant not guilty. The CI was never present in appellant's bedroom where the .9-millimeter handgun was found, and there exists no evidence to establish that anything the CI could have testified to would have aided in appellant's defense of the firearm charge. As recognized by the trial court, Officer Fitzgerald personally observed appellant engaging in drug transactions that resulted in the search of his 1849 E. Tioga Street residence and the subsequent discovery of the firearm:

> [Officer] Fitzgerald testified that on July 20, 2015, he personally exchanged $200 of prerecorded money

> with [a]ppellant in return for twenty-six packets of heroin. Fitzgerald's testimony is not wholly uncorroborated. [Officer] Bogan testified that on July 20, 2015, he observed [a]ppellant approach and enter Fitzgerald's unmarked vehicle. Later that day, the packets purchased by Fitzgerald were given to Bogan, who conducted a "NIK test A and L" and confirmed that the packets contained heroin. Finally, when [a]ppellant was arrested, a cell phone was recovered from his person. At that time, Fitzgerald called the number that he used throughout the course of the investigation. Fitzgerald and Bogan watched as [a]ppellant's phone rang and displayed Fitzgerald's number as the source of the incoming call. These facts do not indicate that revealing the informant's identity would have been material or even helpful to [a]ppellant, and, other than the assertion that the informant would have been an "impartial witness," [a]ppellant offered no evidence to the contrary.

Trial court opinion, 9/20/18 at 7-8.

Based on the foregoing, we discern no abuse of discretion on the part of the trial court in denying appellant's motion to compel disclosure of the CI in this matter.

Appellant next argues that there was insufficient evidence to sustain his conviction for unlawful possession of a firearm because the Commonwealth failed to prove that he "was in constructive possession of [the] firearm recovered inside his home [at 1849 E. Tioga Street]." (Appellant's brief at 17.) In support of this claim, appellant avers that he

> was never observed in actual possession of the firearm by the Commonwealth police witnesses and there was another person in [the]dwelling where firearm was recovered who had equal access to the firearm and was as capable as appellant of exercising dominion and control over the gun.

- 9 -

*Id.* (full capitalization omitted).

Our standard of review of sufficiency claims is well settled:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

The offense of unlawful possession of a firearm is set forth in Section 6105 of the Crimes Code and provides, in relevant part, as follows:

> **(a)  Offense defined.--**
>
> > (1)  A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

In situations where it cannot be proven that a suspect had the firearm on his person, as is the case here, the Commonwealth is required to prove

constructive possession. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa.Super. 2013), ***appeal denied***, 78 A.3d 1090 (Pa. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.

***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa.Super. 2012) (citations and internal quotation marks omitted), ***appeal denied***, 63 A.3d 1243 (Pa. 2013). As with any other element of a crime, the Commonwealth may sustain its burden of proving constructive possession by means of wholly circumstantial evidence, and the requisite intent may be inferred from examination of the totality of the circumstances. ***Hopkins***, 67 A.3d at 820.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient circumstantial evidence to establish that appellant constructively possessed the firearm recovered from 1849 E. Tioga Street. At trial, Officer Bogan testified that during a search of the 1849 E. Tioga Street residence, officers recovered a loaded, semiautomatic .9-millimeter Luger handgun inside a storage bin located in appellant's bedroom closet. (Notes of testimony, 6/2/17 at 56-57.)[6]

---

[6] As noted, the parties stipulated that appellant had a prior felony burglary conviction enumerated in 18 Pa.C.S.A. § 6105(b) that prohibited him from possessing a firearm. (Notes of testimony, 6/2/17 at 63.)

Officer Bogan's testimony further established that a residential lease agreement identifying appellant and his girlfriend, Sabrina Morrison, as lessees of the 1849 E. Tioga Street property was found in the bedroom closet where the firearm was recovered. (*Id.* at 56, 59-60.) Contrary to appellant's contention, "the fact that [] Morrison may have had joint access [to the bedroom where the firearm was found] does not mitigate [a]ppellant's conscious dominion over and ability to control the firearm." (Trial court opinion, 9/20/18 at 10.) It is well settled that "two actors may have joint control and equal access [to contraband] and thus both may constructively possess the contraband." ***Commonwealth v. Bergen***, 142 A.3d 847, 851 (Pa.Super. 2016) (citation omitted).

Based on the foregoing, we agree with the trial court that the Commonwealth presented sufficient evidence, based upon the totality of the circumstances, that appellant possessed "the power to control the [handgun] and the intent to exercise that control." ***See Brown***, 48 A.3d at 430; ***Hopkins***, 67 A.3d at 820. Accordingly, appellant's sufficiency claim must fail.

In his final claim, appellant argues that he is entitled to a new trial because "the Bill of Particulars did not specify which firearm [a]ppellant was being charged with [possessing], the .9 millimeter recovered incident to the search of 1849 [E.] Tioga Street, or the .38 caliber revolver [] found incident to the search warrant at 3310 Amber Street." (Appellant's brief at 22.)

"A bill of particulars is intended to give notice to the accused of the offenses charged in the indictment so that the accused may prepare a defense, avoid a surprise, or intelligently raise pleas of double jeopardy and the statute of limitations." ***Commonwealth v. Mercado***, 649 A.2d 946, 959 (Pa.Super. 1994) (citation omitted). This court has held that "a defendant waives any objection to a bill of particulars furnished by the Commonwealth when he or she fails to file a timely motion pursuant to Pennsylvania Rule of Criminal Procedure 572(C)." ***Commonwealth v. Libengood***, 152 A.3d 1057, 1058 (Pa.Super. 2016), ***appeal denied***, 169 A.3d 1045 (Pa. 2017).

Rule 572 provides, in relevant part, as follows:

> (A) A request for a bill of particulars shall be served in writing by the defendant upon the attorney for the Commonwealth within 7 days following arraignment. The request shall promptly be filed and served as provided in Rule 576.
>
> (B) The request shall set forth the specific particulars sought by the defendant, and the reasons why the particulars are requested.
>
> (C) Upon failure or refusal of the attorney for the Commonwealth to furnish a bill of particulars after service of a request, the defendant may make written motion for relief to the court within 7 days after such failure or refusal. If further particulars are desired after an original bill of particulars has been furnished, a motion therefor may be made to the court within 5 days after the original bill is furnished.
>
> . . . .

Pa.R.Crim.P. 572(A)-(C).

Here, the record reflects that appellant failed to file a Rule 572 motion for a bill of particulars within the seven-day timeframe. Accordingly, any challenge appellant may have had with regard to the specificity of the Commonwealth's bill of particulars is waived.[7]

Based on the foregoing, we affirm the trial court's June 2, 2017 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19

---

[7] To the extent that appellant's argument is construed as a challenge to the bill of information, we find that this claim would also fail. Bills of information are governed by the Pennsylvania Rules of Criminal Procedure, which require that they include "a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint[.]" Pa.R.Crim.P. 560(B)(5). Additionally, Rule 560(C) provides that "[t]he information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information." Pa.R.Crim.P. 560(C). Here, we agree with trial court's findings that the bill of information in this case provided appellant with sufficient notice of his charges. (*See* trial court opinion, 9/20/18 at 10-12.)