J-S07029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVIER GOMEZ | : | |
| | : | |
| Appellant | : | No. 936 MDA 2023 |

Appeal from the PCRA Order Entered May 31, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005496-2017


BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: MAY 16, 2024**

Javier Gomez appeals from the order denying his first timely petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The PCRA court summarized the pertinent facts as follows:

> On September 22, 2017, Lancaster City Police Officers observed a Town & Country Minivan weaving down East Orange Street in Lancaster City, Pennsylvania, nearly striking the vehicles parked alongside the road. Officers followed the van and initiated a traffic stop when the vehicle failed to use a turn signal as required by law. [Gomez] was driving the van—which was owned by and registered to him—and was accompanied by two passengers, Annie Roth and Andrew Lundgren.
>
> During the stop, Officers at the scene observed [Gomez], Ms. Roth, and Mr. Lundgren exhibit odd, non-compliant behaviors. All three occupants refused to roll down their windows more than a quarter or half inch and were reaching around in the vehicle,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Gomez] refused to provide his license and registration, and [Gomez] was observed reaching toward the pocket side door and center console areas of the vehicle. Further, Officers observed Mr. Lundgren scratching his arms and kicking a bag inside the vehicle and noticed Ms. Roth using animated hand expressions including flailing her arms and moving her hands on her breast area.

Because of the occupants' behavior, Officers decided to break one of the van's windows to gain entry into the vehicle. After [Gomez], Ms. Roth, and Mr. Lundgren were removed, Officers searched the van. In the van's center console, underneath [Gomez's] registration and insurance information, Officers found a Charter Arms .38 caliber revolver, heroin[], and cocaine. [Gomez's] DNA was later discovered on the revolver.

Officers found a "stow and go" compartment on the floor of the vehicle directly behind the driver's seat that contained a locked safe and a backpack. The key to the safe was found on the key ring that was still inserted in the ignition of [Gomez's] van. When Officers used the key to open the safe, they discovered bags of heroin and cocaine and a Ruger 9-millimeter handgun. [Gomez's] DNA was discovered on the handgun. The backpack found in the compartment contained various drugs and paraphernalia[.] A casino rewards card with [Gomez's] name was also found inside the backpack. Officers later discovered that both firearms removed from the van had been reported stolen.

PCRA Court Opinion, 8/9/23, at 1-3 (citations to record omitted).

After his arrest, Gomez was charged with multiple drug, firearm and related offenses. On August 6, 2018, a jury trial began regarding only the two counts of firearm violations. Following a two-day trial, the jury convicted Gomez on both counts. Gomez elected to proceed with a bench trial on the remaining counts. Thereafter, a two-day non-jury trial commenced and, on October 16, 2018, the trial court convicted him on all remaining counts. On October 25, 2018, the trial court sentenced him to an aggregate term of 12 ½ to 25 years of imprisonment. Gomez filed a timely post-sentence motion,

- 2 -

which the trial court denied. Gomez appealed. On December 19, 2019, this Court affirmed his judgment of sentence and, on July 21, 2020, our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Gomez**, 224 A.3d 1095 (Pa. Super. 2019), *appeal denied*, 236 A.3d 1053 (Pa. 2020).

Gomez filed a timely *pro se* appeal on September 27, 2021, and the PCRA court appointed counsel.[1] After several extensions, PCRA counsel filed an amended petition on May 25, 2022. The Commonwealth filed an answer. On September 1, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the amended petition without a hearing.[2] PCRA counsel filed a response on Gomez's behalf. The PCRA court then scheduled an evidentiary hearing, which was held on February 27, 2023. Trial counsel was the only witness to testify. Following this hearing, the parties filed briefs supporting their respective positions. By order entered May 31, 2023, the PCRA court denied Gomez's amended petition. This appeal followed. Both Gomez and the PCRA court complied with Pa.R.A.P. 1925.

Gomez raises the following issue on appeal:

I.  Did the PCRA court err when it held [Gomez's] trial counsel was [not] ineffective when he failed to use a third party's

---

[1] Because the trial judge retired in January of 2022, the matter was reassigned to another judge. **See** PCRA Court Opinion, 8/9/23, at 4 n.6.

[2] Gomez filed a *pro se* appeal from the Rule 907 notice, which this Court quashed on November 28, 2022.

prior convictions to support [Gomez's] third-party-guilt trial theory?

Gomez's Brief at 4.

This Court's standard of review for an order denying a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing *Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

Gomez's issue raises a claim regarding trial counsel's alleged ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.*

The tripartite test we apply is well-settled, and each prong of the test has been explained as follows:

> The burden is on the [petitioner] to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel has no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

- 4 -

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted; formatting altered).

In support of his ineffectiveness claim, Gomez argues that he proved trial counsel "had powerful evidence that another person, the rear-seat passenger, possessed the drugs police found under his feet." Gomez's Brief at 11. Specifically, he claims Mr. Lundgren had three prior convictions for dealing drugs. Gomez concedes that trial counsel's theory at trial was that the drugs were possessed by Mr. Lundgren or Ms. Roth, and asserts evidence of these convictions was admissible to support this theory. According to Gomez, "there is no reasonable basis for a defense attorney's failure to use all evidence available to him to support his trial theory." Gomez's Brief at 11. Thus, Gomez contends that trial counsel's failure to use this evidence prejudiced him.

Regarding evidence of third-party guilt in criminal cases, this Court has reiterated that a defendant "has the right to 'present evidence that someone else committed the crime of which he is accused.'" ***Commonwealth v. Herring***, 271 A.3d 911, 918 (Pa. Super. 2022) (quoting ***Commonwealth v. Yale***, 249 A.3d 1001, 1014 (Pa. 2021). Stated differently, another person's convictions for similar criminal activity are admissible to support a defendant's third-party guilt argument.

Importantly, evidence of third-party guilt is not subject to Pa.R.E. 404(b)'s prohibition regarding "propensity" evidence. ***Id.*** at 919-920 (citing ***Yale***, at 1015-1022). Instead, the admissibility of prior convictions used to support a third-party guilty theory is governed by the general rules of evidence:

> [u]ltimately, the question is whether the evidence supports an inference that the defendant did not commit the crime and someone else did. The more detailed the similarity, the more likely a finding of relevance. But a lesser level of detail combined with other circumstances attendant to the crime charged and the third person's relationship to it are also pertinent considerations. So too are the temporal factors relative to the third person's bad acts and the crime charged.

***Herring***, 271 A.3d at 920 (quoting ***Yale***, 249 A.3d at 1024).

Here, the PCRA court concluded that Gomez's ineffectiveness claim failed because he could not establish prejudice. The court explained:

> Instantly, assuming, *arguendo*, that Mr. Lundgren's prior convictions were admissible and that [trial counsel's] decision not to introduce the evidence lacked a reasonable basis, [Gomez] cannot show that he was prejudiced by the error. Even if Mr. Lundgren's convictions were admitted and the jury and the [trial

- 6 -

court] believed that Mr. Lundgren was, in fact, a drug dealer, it would not change the fact evidence against [Gomez] on each charge was overwhelming. Simply put, Mr. Lundgren's status as a drug dealer would not have changed that the evidence sufficiently demonstrated that [Gomez] himself possessed the guns and drugs recovered from his van.

PCRA Court Opinion, 8/9/23, at 7-8.

The PCRA court further noted that, because the contraband was not found on Gomez's person, to support both the drug and firearm offenses the Commonwealth was required to establish that Gomez had "actual, constructive, or joint constructive possession of the contraband." *Id.* at 8 (citing *Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014).

The PCRA court then concluded that the Commonwealth "overwhelmingly" satisfied its burden:

[Here, t]he controlled substances and paraphernalia were found in a van that was owned and registered to [Gomez]. Some of the substances were found in the van's center console underneath [Gomez's] vehicle registration and insurance information. Other substances and other paraphernalia were found inside a backpack and in a locked safe located in a "stow and go" compartment on the floor of the van directly behind [Gomez's] seat. The backpack where drugs and paraphernalia were found contained a casino card with [Gomez's] name on it and the safe where other substances were located was opened by a key on [Gomez's] own key ring. Thus, even if evidence of Mr. Lundgren's past [drug] conviction had been introduced, the evidence presented by the Commonwealth unquestionably established that [Gomez] participated in the drug related activity and connected [Gomez] to the specific areas where the drugs were found.

***

[Moreover], there was "substantial evidence" that [Gomez] knowingly exercised power over the guns found in his van. The .38 caliber revolver was found in the center console of [Gomez's]

- 7 -

van underneath his vehicle registration and insurance information. Importantly [Gomez's] DNA was found on the revolver. Officers located the Ruger 9-millimeter handgun in a locked safe in the "stow and go" compartment found on the floor of the vehicle directly behind the seat where [Gomez] had been sitting. The locked safe was opened using a key that Officers found on the key ring that was inserted in [Gomez's] van. [Gomez's] DNA was also found on the Ruger handgun. The DNA evidence recovered from the weapons demonstrated that [Gomez] had physical possession of the guns, thus exerting actual control over the weapon(s). Further, the locations in which the firearms were found suggested that [Gomez] had the ability to exercise a conscious dominion over the weapons and the intent to do so. Again, to the extent that Mr. Lundgren's prior [drug] convictions had any relevance to the gun charges that [Gomez] faced, the admission of these convictions would not have altered the outcome of [Gomez's] trials. The Commonwealth presented extensive evidence showing that [Gomez] possessed the at-issue weapons.

PCRA Court Opinion, 8/9/23, at 8-10 (citations, quotation marks, and brackets omitted).

Our review of the record supports the PCRA court's conclusions. As summarized above, at both trials in this matter, the Commonwealth clearly established a nexus between Gomez and the drugs and firearms found in his van. Additionally, all of Mr. Lundgren's drug convictions occurred over five years prior to Gomez's trial. *Herring*, *supra*; *compare Commonwealth v. Thompson*, 779 A.2d 1195, 1200 (Pa. Super. 2001)(reversing for a new trial when driver of vehicle in which defendant passenger and drugs were found had not only a prior drug conviction, but also had pending drug charges at the time of defendant's trial).

Thus, Gomez has failed to establish that there is a reasonable probability that, but for counsel's failure to admit evidence of Mr. Lundgren's prior drug

convictions, the result of the proceeding would have been different. ***Sandusky***, ***supra***. As he cannot establish that he was prejudiced by trial counsel's omission, Gomez's ineffectiveness claim fails.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/16/2024